[Cite as *State v. Dilley*, 2013-Ohio-4480.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99680**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM D. DILLEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558185

**BEFORE:** Keough, J., Stewart, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**APPELLANT**

William D. Dilley, Pro Se
11720 Regent Park Drive
Chardon, Ohio 44024


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James M. Price
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, William Dilley ("Dilley"), appeals from the trial court's judgment summarily denying his petition for postconviction relief. For the reasons that follow, we affirm.

{¶2} In January 2012, Dilley was charged with one count each of tampering with records, perjury, attempted theft, and theft. Dilley was a financial advisor who counseled clients about their investments and procured investments for them. One of Dilley's clients was Betty Montgomery, a 92-year-old woman who suffered from dementia. The charges stemmed from Dilley's participation in amending Montgomery's trust to make him the sole beneficiary of the trust.

{¶3} At the close of the state's case at trial, the trial court granted Dilley's Crim.R. 29 motion for acquittal as to Count 4 (theft) and denied the motion with respect to the other counts. The trial court subsequently found Dilley guilty of tampering with records, perjury, and attempted theft, and sentenced him to two years on each count, to be served concurrently.

{¶4} This court affirmed Dilley's convictions on direct appeal. *State v. Dilley*, 8th Dist. Cuyahoga No. 98098, 2012-Ohio-5288.

{¶5} Dilley subsequently filed a petition for postconviction relief, which the trial court summarily denied. Dilley appeals from that judgment, raising several assignments of error for our review.

I.      Findings of Fact and Conclusions of Law

**{¶6}** In his first assignment of error, Dilley contends that the trial court violated his due process rights by denying his petition without making findings of fact and conclusions of law.

**{¶7}** R.C. 2953.21 governs postconviction relief petitions. R.C. 2953.21(C) and (G) require a trial court to make and file findings of fact and conclusions of law setting forth its findings on the issues presented and a substantive basis for its disposition of each claim for relief advanced in the petition. *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. "Findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition." *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988), citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. *See also State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.

**{¶8}** The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the court's disposition and to facilitate meaningful appellate review. *Carrion* at 19. A trial court "need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun* at 291-292.

**{¶9}** A trial court need not issue findings of fact and conclusions of law, however, when it dismisses an untimely postconviction relief petition. *State ex rel.*

*James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837, ¶ 5.   Under R.C. 2953.21(A)(1)(c)(2), a petition must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction, or if no appeal is taken, no later than 180 days after the expiration of time for filing the appeal.   Here, the trial transcript was filed in the court of appeals in Dilley's direct appeal on April 24, 2012.   He filed his postconviction petition on October 23, 2012, 182 days after the trial transcript was filed.   Accordingly, because the petition was untimely, the trial court was not required to issue findings of fact and conclusions of law when it denied Dilley's petition.

{¶10} Moreover, the trial court properly dismissed Dilley's petition because it was untimely.   The time limit for filing a motion for postconviction relief is jurisdictional. *State v. John*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8, and a trial court has no authority to consider an untimely filed petition for postconviction relief absent certain exceptions.[1]   *State v. Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443, ¶ 23. Dilley had 180 days from the date the transcript was filed to file his petition.   He did not do so, nor did he demonstrate that he was unavoidably prevented from discovering facts relating to his petition or that any new federal or state right applied.   Therefore, because his petition was filed beyond the statutory timeline, it was properly denied.

---

[1]R.C. 2953.23 provides that a court may not consider an untimely petition unless the petitioner demonstrates that he was unavoidably prevented from discovering facts relating to his petition, or that after the expiration of the time period, the United States Supreme Court recognized a new federal or state right, and that absent the constitutional error, he would not have been found guilty.

II.     Probate Court Judgment

**{¶11}**  After learning of Dilley's involvement regarding the amended trust, Dilley's employer terminated his employment and filed an interpleader action regarding the validity of the amended trust.  The parties reached a settlement agreement whereby the trust assets were distributed to the individuals and charitable organizations named in the original trust, and Dilley received $75,000 from the trust and remained as trustee of the trust (that no longer has any assets).  On September 2, 2010, the probate court entered a final judgment ordering that the parties' claims were settled and dismissed with prejudice, pursuant to the terms of the parties' settlement agreement.  *Citigroup Global Markets, Inc. v. Estate of Betty Montgomery*, Cuyahoga C.P. No. 2009 ADV 0146836, (Sept. 2, 2010).

**{¶12}**  In his second assignment of error, Dilley argues that the trial court erred in denying his postconviction petition because the probate court's final judgment in the *Citigroup* matter determined that the amended trust was valid and, thus, under the doctrine of collateral estoppel, barred any further proceeding involving the validity of the amended trust.  Accordingly, he contends that the state was prohibited from criminally prosecuting him, and that his criminal prosecution was in violation of various rights under the United States and Ohio Constitutions.

**{¶13}**  The trial court properly denied this claim because Dilley's petition was untimely.   In addition, the claim is barred by the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars a
> convicted defendant who was represented by counsel from raising and

litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or an appeal from that judgment.

*State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982), citing *State v. Perry*, 10 Ohio St.2d 175, 226 NE.2d 104 (1967).

**{¶14}** It is well settled that the doctrine of res judicata applies in postconviction relief proceedings. *State v. Blalock*, 8th Dist. Cuyahoga No. 94198, 2010-Ohio-4494, ¶ 19. Thus, a defendant may not raise any issue in a motion for postconviction relief if he could have raised the issue on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131.

**{¶15}** Because Dilley could have raised this argument in his direct appeal, it is barred by res judicata.

III. Dilley's Other Claims

**{¶16}** In his third assignment of error, Dilley contends that the trial court erred in denying his postconviction petition because his trial counsel was ineffective, in violation of his constitutional right to effective assistance of counsel. In his fourth assignment of error, Dilley contends that the trial court erred in admitting his deposition from the probate case at his criminal trial.

**{¶17}** Both of these claims, however, were ripe for review in Dilley's direct appeal. Because Dilley could have raised these claims in his direct appeal, they are barred by res judicata.

**{¶18}** The trial court properly denied Dilley's petition.   The petition automatically failed because it was untimely and, in the alternative, the claims were barred by res judicata.   The first, second, third, and fourth assignments of error are therefore overruled.

**{¶19}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, A.J., and
EILEEN T. GALLAGHER, J., CONCUR