[Cite as *State v. Parks*, 2016-Ohio-4920.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-02-032 |
| | : | O P I N I O N |
| - vs - | | 7/11/2016 |
| | : | |
| WARREN E. PARKS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1989-12-1068


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Warren E. Parks, #116977, Correctional Industrial Facility, 5124 West Reformatory Road, Pendleton, IN 46064, defendant-appellant


**PIPER, P.J.**

{¶ 1} Defendant-appellant, Warren Parks, appeals a decision of the Butler County Court of Common Pleas denying his motion challenging the trial court's subject matter jurisdiction.

{¶ 2} In 1990, Parks pled guilty to aggravated robbery and was sentenced to three to 15 years in prison. In a separate indictment, Parks was charged with two counts of

aggravated trafficking, and Parks again pled guilty. The trial court sentenced Parks to serve one year for trafficking, to be served consecutive to the three to 15-year term for robbery. The record indicates that the trial court suspended the sentences in both cases, instead, placing Parks on "Shock Probation." Parks did not appeal his convictions or sentence, but did file unsuccessful motions for postconviction relief and motions to seal his convictions. Parks eventually completed his sentence in both cases.

{¶ 3} In 2015, Parks filed motions in the trial court pursuant to Civ.R. 60(B) arguing that the trial court lacked subject matter jurisdiction because the indictments were invalid and insufficient in both the robbery and trafficking cases. The trial court denied Parks' motions, finding that Parks' guilty pleas waived any defects that may have existed in the indictments. Parks now appeals the trial court's decision, raising two assignments of error. Because the assignments of error are interrelated, we will address them together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO CHALLENGE THE JURISDICTION.

{¶ 6} Assignment of Error No. 2:

{¶ 7} ABSENCE OF SUBJECT MATTER JURISDICTION, RENDER A JUDGMENT VOID. [SIC]

{¶ 8} Parks essentially argues in his two assignments of error that the trial court lacked subject matter jurisdiction, and thus lacked power to accept his guilty pleas or sentence him in either case.

{¶ 9} According to Section 4, Article IV of the Ohio Constitution, each county in Ohio has a court of common pleas and the courts "shall have original jurisdiction over all justiciable matters." R.C. 2931.02 and R.C. 2931.03 establish that the common pleas courts have general original subject matter jurisdiction over prosecution of crimes that take place in their

geographical limit unless the offense is minor and jurisdiction is vested in an inferior court.

{¶ 10} Despite his argument that the trial court lacked jurisdiction, Parks has failed to indicate in any manner *why* the trial court lacked subject matter jurisdiction, such as an assertion that the crimes did not occur in Butler County or were not felonies.[1] Nor has Parks pointed to any aspect of the record that would demonstrate that the trial court lacked jurisdiction. Instead, the record is patently clear that Parks pled guilty to aggravated robbery, a second-degree felony, as that crime was designated in 1989 when the charges were brought in Butler County. Parks was also charged with aggravated trafficking, and pled guilty to the charge, which in 1990 was a third-degree felony, also brought in Butler County. Without any evidence to the contrary, Parks has failed to demonstrate that the trial court lacked subject matter jurisdiction.

{¶ 11} The law is settled that an appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record. *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895. There is no doubt that Parks has failed to carry this burden. Moreover, and given Park's failure to provide this court with any evidence regarding the claimed lack of subject matter jurisdiction, we will presume the regularity of the proceedings below. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 11.

{¶ 12} Even if Parks' arguments were more specific to the issue of whether the indictments against him were valid, the law is clear that Parks has waived any defects that might have occurred in the indictments by pleading guilty without first challenging the indictments. "It is well-established that when a defendant enters a guilty plea and thereby

---

1. Instead of arguing why the trial court lacked jurisdiction, Parks asserts that "the laws they write have no authority over Warren Parks." The "they" referred to in the quote is specific to Parks' suggestion that committees of lawyers create and modify law. Despite Parks' argument that any decision other than finding a lack of subject matter jurisdiction is tantamount to "treason" against the United States constitution, he provides no legal basis for reversal.

admits he is in fact guilty of the charged offenses, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Conn*, 12th Dist. Warren No. CA2014-04-059, 2015-Ohio-1766, ¶ 47. Parks' assignments of error are therefore overruled.

{¶ 13} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.