[Cite as *State v. Dilley*, 2018-Ohio-1504.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 106468

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### WILLIAM DILLEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558185-A

**BEFORE:** Blackmon, J., E.A. Gallagher, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**FOR APPELLANT**

William Dilley, pro se
11720 Regent Park Drive
Chardon, Ohio 44024


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Frank Romeo Zeleznikar
James A. Gutierrez
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Defendant-appellant William Dilley ("Dilley") appeals pro se from the denial of his second motion to vacate his 2012 conviction. He assigns the following errors for our review:

I. The trial court erred and abused its discretion by disregarding that a void judgment, order or decree may be attacked at any time in any court, either directly or collaterally and cannot be barred by res judicata.

II. The Ohio General Assembly has vested the probate court with exclusive jurisdiction over Trust and Will actions and limited jurisdiction in criminal proceedings. The general court's attempt to adjudicate a Trust and Will contest and override the probate court's final judgment entry is in violation of statute and legislative intent making the general court's judgment entry void.

III. The General and Probate Divisions of the Court of Common Pleas have concurrent jurisdiction with the Probate Division having exclusive jurisdiction over competency inquests, Trusts, and Wills. The General Division's attempt to adjudicate [the client's] execution of her Trust and Will lacked jurisdiction, did not have authority to override the Probate Court, it was barred in its prosecution by the double jeopardy clause, and it disregarded statute rendering its attempted judgment and sentences void ab initio.

IV. The Court of Common Pleas, General Division, erred and abused its authority as its final judgment entry and sentences for Attempted Theft, Tampering with Records, and Perjury did not comply with statute making them void ab initio.

**{¶2}** Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.

**{¶3}** In January 2012, Dilley was charged with tampering with records, perjury, attempted theft, and theft, in connection with the execution of documents designating him the beneficiary of a trust created by his 92 year-old client while he was her financial advisor. Evidence presented at trial indicated that in 1995, the client executed a will that contained pour-over provisions leaving all of her assets and possessions to a trust. *See State v. Dilley*, 8th Dist. Cuyahoga No. 98098, 2012-Ohio-5288, ¶ 4 ("*Dilley I*"). The trust provided that three named individuals were to receive monetary distributions ranging from $1,000 to $3,000 upon

the client's death, and the remainder of the trust assets were to be distributed to two charitable organizations. *Id*. at ¶ 4.

{¶4} By 2003, the client began living in an assisted living facility. *Id*. at ¶ 5. In 2004, the client "required moderate assistance in financial decisions" and was "more forgetful and slightly disoriented," according to nursing and treatment notes. *Id.* By September 2005, she "seem[ed] forgetful and slightly disoriented" and required "maximum assistance in financial decisions." *Id*. Medical records from January 2007 indicated that she had "dementia and [a] change in mental status." A note eleven months later indicated that she was "confused and forgetful." According to her treating physician, she did not have the mental capacity to make an informed decision about transferring the assets of her estate. *Id*. at ¶ 6.

{¶5} The evidence demonstrated that Dilley, a notary, and another individual approached the client and the other individual asked the client to sign financial documents, but after caregivers asked the client's social worker to intervene, the notary left. *Id*. at ¶ 9-10. Then, on April 15, 2008,

> Dilley returned to Stratford Commons with a different notary who witnessed [the client] sign an amended trust that made Dilley the sole beneficiary of the trust. * * * [T]he notary testified that she had never met Dilley before he called her and asked her to meet him at Stratford Commons. Dilley met [her] in the lobby when she arrived, and they went to [the client's] room, where Dilley chatted with [the client] for about 15 minutes. They then went to the lobby area and sat at a table. [The notary] testified that Dilley got out papers, and told her that he had taken care of [the client's] finances for many years, and was going to be the executor of [the client's] will. Dilley never told [the notary] that he was going to be the sole beneficiary of the amended trust.
>
> * * * [The notary] stated that no Stratford Commons administrators were ever at the table overseeing the transaction.

*Id.* at ¶ 11-12.

**{¶6}** The new estate documents were identical to the client's earlier will and trust but now listed Dilley as the sole beneficiary of the amended trust. *Id.* at ¶ 16. The client died in 2009. *Id.* at ¶ 15. At this time, the value of her amended trust was approximately $750,000. *Id.*

**{¶7}** Dilley submitted the amended documents to his employer for approval. *Id.* Dilley denied that he knew of the beneficiary change and denied knowing the notary for this document, but the amended trust was found in Dilley's work computer files. *Id.* Dilley's employment was terminated as a result of this incident. *Id.* Thereafter, the original beneficiaries of the client's trust settled their civil claims against Dilley in an interpleader action and agreed to pay him $75,000. *Id*. at ¶ 16-17.

**{¶8}** The trial court found Dilley guilty of tampering with records, perjury, and attempted theft, and not guilty of theft. In February 2012, the court sentenced Dilley to two years of imprisonment on each count, to be served concurrently. He was later granted judicial release. *Id.* at ¶ 39.

**{¶9}** On direct appeal, Dilley argued that the convictions were against the manifest weight of the evidence, were unsupported by sufficient evidence, and that postrelease control was improperly ordered. This court affirmed. *Id.*

**{¶10}** In late 2012, Dilley filed a petition to vacate his conviction. The trial court summarily denied the petition, and Dilley appealed. In relevant part, he argued that the final settlement in the interpleader action determined that the amended trust was valid, and that the interpleader settlement barred the criminal prosecution concerning the validity of the amended trust. This court held that Dilley's claims were untimely and barred by res judicata, and

affirmed the denial of postconviction relief.  *See State v. Dilley*, 8th Dist. Cuyahoga No. 99680, 2013-Ohio-4480 ("*Dilley II*").

{¶11} In January 2017, Dilley filed a second motion to vacate his conviction, arguing that it was void for lack of subject matter jurisdiction.   The trial court held a hearing on the motion on October 24, 2017.   Dilley again argued, pro se, that the interpleader settlement barred the criminal prosecution, and that the conviction was void because the probate court had exclusive jurisdiction over the matter.   He also disputed the facts presented at trial, deeming them "inaccurate."   The trial court denied the motion.

## Postconviction Relief

{¶12} In his assigned errors, Dilley asserts that his convictions are void because the General Division of the Court of Common Pleas had no jurisdiction over this matter that he characterizes as a "trust and will contest."   He maintains that the general division had no jurisdiction to adjudicate the client's competency, and that all of the issues surrounding the execution of the 2008 documents were within the exclusive jurisdiction of the probate division.

{¶13} It is well-settled that the doctrine of res judicata applies in postconviction relief proceedings.   *Dilley* II at ¶ 14*, citing State v. Blalock*, 8th Dist. Cuyahoga No. 94198, 2010-Ohio-4494, ¶ 19.   Thus, a defendant may not raise any issue in a motion for postconviction relief if he could have raised the issue on direct appeal.   *Id*., citing *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131.

{¶14} Principles of res judicata additionally prevent relief on successive petitions for postconviction relief that raise issues that were raised or could have been raised originally. *State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 15.

{¶15} Under R.C. 2953.23(A), a trial court may entertain a successive petition if the petitioner initially demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). Next, the petitioner must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶16} Here, Dilley's motion to vacate his conviction is a successive petition for postconviction relief that raises issues that were raised or could have been raised during trial and during the first postconviction petition. Moreover, insofar as Dilley argues that his probate court settlement with the individuals and charities determined that the amended trust was valid, thereby barring the state from prosecuting him, this claim was rejected in *Dilley* II. *Dilley* II at ¶ 12. As such, it is barred by res judicata.

{¶17} Further, Dilley's 2017 motion to vacate his conviction is a successive petition that does not meet the requirements of R.C. 2953.23(A). Dilley has not demonstrated that he was unavoidably prevented from discovering the facts necessary for the claim for relief, and he does not claim recognition of a new federal or state right that applies retroactively to persons in his situation. R.C. 2953.23(A)(1)(a).

{¶18} Dilley alleges that res judicata does not bar the successive petition because the trial court lacked subject matter jurisdiction. The Ohio Supreme Court has recognized that postconviction relief is not precluded by res judicata where the claim is that the conviction is

void for lack of subject matter jurisdiction. *See State v. Wilson*, 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995), fn. 6.

{¶19} However, under R.C. 2931.03, the court of common pleas has jurisdiction over all crimes and offenses, except in the case of minor offenses. *See State v. Honaker*, 12th Dist. Clermont No. CA2016-06-046, 2017-Ohio-1008, ¶ 24, citing R.C. 2931.03 and Section 4(B), Article IV, Ohio Constitution. *See also State v. Parks*, 12th Dist. Butler No. CA2016-02-032, 2016-Ohio-4920, ¶ 9; *State v. Reed*, 7th Dist. Jefferson No. 96-JE-25, 1997 Ohio App. LEXIS 3828 (Aug. 18, 1997).

{¶20} Concomitantly, the probate court has no jurisdiction over criminal cases. *Id.* Under R.C. 2931.01:

(B)     As used in Chapters 2931 to 2953. * * * of the Revised Code:

(1)     "Judge" does not include the probate judge.

(2)     "Court" does not include the probate court.

{¶21} In *Reed*, the defendant was convicted of rape. He argued that since the original complaint against him was filed in probate court, the common pleas general division had no jurisdiction over him. In rejecting this claim, the court stated:

> Since this was a criminal offense, the common pleas court had original jurisdiction over the matter. The probate court has no jurisdiction in criminal cases. Therefore, appellant's jurisdictional argument is found to be without merit.

*Accord State v. Reed*, 7th Dist. Jefferson No. 97-JE-73, 1999 Ohio App. LEXIS 5336 (Nov. 12, 1999); *In re Ahmed*, 7th Dist. Belmont No. 03 BE 74, 2005-Ohio-1116, ¶ 17.

**{¶22}** Moreover, with regard to the exclusive jurisdiction of the probate court, we note that R.C. 2101.24(A) provides as follows:

> (1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
>
> (p) To hear and determine actions to contest the validity of wills;
>
> * * *
>
> (D) The jurisdiction acquired by a probate court over a matter or proceeding is exclusive of that of any other probate court, *except when otherwise provided by law*. (Emphasis added.)

**{¶23}** Therefore, probate courts have no jurisdiction to adjudge criminal offenses even where the crimes relate to probate matters. *See Barrett v. Soltesz*, 6th Dist. Erie No. E-14-089, 2015-Ohio-794. In *Barrett,* the court concluded that the probate court had no jurisdiction over the granting of a civil protection order, despite the fact that the matter referenced the probate court judge and the guardian of an estate. The court explained:

> Although the genesis of the dispute between appellant and appellee may have been the probate case, that matter is wholly unrelated to whether a domestic violence civil protection order should be issued under R.C. 3113.31. Furthermore, a petition for a domestic violence civil protection order under R.C. 3113.31 does not fall under any of the categories over which the probate court has exclusive jurisdiction as enumerated in R.C. 2101.24(A)(1)(a)-(ff).

*Id*. at ¶ 40. *See also In re Ahmed* at ¶ 17 (a probate court has no jurisdiction to adjudge violations of a criminal falsification statute). *Accord Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 97AP-861, 2008-Ohio-2299, ¶ 14 (R.C. 2743.02 does not confer jurisdiction upon the court of claims to consider criminal charges that should be adjudicated in courts of common pleas).

**{¶24}** In accordance with the foregoing, we conclude that although the interpleader portion of this matter divided the proceeds of Montgomery's trust, the probate court had no jurisdiction over Dilley's criminal conduct.   Rather, under R.C. 2931.03, the general division of the court of common pleas properly exercised jurisdiction over the crimes and offenses that were alleged herein and later proven beyond a reasonable doubt.   Despite the fact that the genesis of this case involved the creation of a will and trust, the allegations at issue on the indictment were not a "will contest," but were instead criminal conduct, including tampering with records, perjury, and attempted theft.     The probate court has no jurisdiction over these offenses.

**{¶25}**   Accordingly, the convictions are not void for lack of subject matter jurisdiction. The assigned errors lack merit.

**{¶26}**   Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR