[Cite as *State v. Dilley*, 2019-Ohio-3574.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :

                            No. 108098

    v.                                     :

WILLIAM DILLEY,                            :

    Defendant-Appellant.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  September 5, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-558185-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar and James A. Gutierrez, Assistant Prosecuting Attorneys, *for appellee.*

William Dilley, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, William Dilley ("appellant") brings the instant appeal challenging the trial court's judgment denying his motion to "void, vacate, set aside, or correct judgment[.]"  Specifically, appellant argues that the trial court violated his due process rights by disregarding newly discovered evidence, erred by

denying his motion without holding a hearing, and erred by disregarding this court's judgment in *State v. Dilley*, 8th Dist. Cuyahoga No. 106468, 2018-Ohio-1504. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant appeal pertains to the trial court's November 16, 2018 judgment denying appellant's third petition for postconviction relief.

{¶ 3} In Cuyahoga C.P. No. CR-12-558185-A, appellant was charged in a four-count indictment on January 26, 2012, with tampering with records, perjury, attempted theft, and theft. The charges arose from appellant's conduct in his capacity as a financial advisor for Smith Barney prior to his termination in 2009.

{¶ 4} As a financial advisor, appellant counseled clients with investments. One of Dilley's clients was Betty Montgomery, a 92-year-old woman who suffered from dementia. Appellant began managing Montgomery's investments in 1995 when she executed a will and a trust. *State v. Dilley*, 8th Dist. Cuyahoga No. 98098, 2012-Ohio-5288, ¶ 3-4 ("*Dilley I*").[1] In April 2008, appellant amended Montgomery's trust, naming himself the sole beneficiary of the trust. *See State v. Dilley*, 8th Dist. Cuyahoga No. 99680, 2013-Ohio-4480, ¶ 2 ("*Dilley II*"). At the time of her death in January 2009, the value of Montgomery's amended trust was approximately $750,000. *Dilley I* at ¶ 15. After the assets were divided between two

---

[1] *See* this court's opinion in *Dilley I* for a full recitation of the factual history and the evidence presented during appellant's bench trial.

charitable organizations,[2] appellant ultimately received $75,000 pursuant to the amended trust.

{¶ 5} Following a bench trial, the trial court found appellant guilty on the tampering with records, perjury, and attempted theft counts. In February 2012, the trial court sentenced appellant to an aggregate prison term of two years.

{¶ 6} On March 15, 2012, appellant filed a direct appeal challenging the trial court's judgment. *Dilley I.* He argued that his convictions were not supported by sufficient evidence and against the manifest weight of the evidence. On November 16, 2012, this court affirmed appellant's convictions.

{¶ 7} On October 23, 2012, appellant filed his first petition to vacate or set aside the judgment of conviction and sentence. Therein, appellant argued, in relevant part, that the final settlement in the probate court proceedings, *Citigroup Global Markets, Inc. v. Estate of Betty Montgomery*, Cuyahoga P.C. No. 2009 ADV 0146836 (Sept. 2, 2010), determined that Montgomery's amended trust was valid and barred criminal prosecution pertaining to the validity of the amended trust. Appellant also alleged that his trial counsel was ineffective for failing to present information and expert testimony on Montgomery's incompetency and that the probate court had exclusive jurisdiction over the matter.

{¶ 8} The trial court denied appellant's request for postconviction relief on February 20, 2013. Appellant filed an appeal challenging the trial court's judgment

---

[2] Holy Family Cancer Home and Save-A-Pet. *Dilley I* at ¶ 4.

on March 21, 2013. *Dilley II.* On appeal, this court affirmed the trial court's judgment on October 10, 2013, concluding that appellant's claims were untimely and barred by res judicata. *Id.* at ¶ 13.

{¶ 9} On January 19, 2017, appellant filed a second petition for postconviction relief, captioned "motion to void judgment, motion to vacate or set aside judgment." Therein, he argued again that his convictions were void because probate court had exclusive jurisdiction over the matter, the probate settlement barred criminal prosecution, and that certain facts presented at trial were not accurate.

{¶ 10} Following a hearing on October 24, 2017, the trial court denied appellant's motion to void judgment on October 25, 2017. Appellant filed an appeal challenging the trial court's judgment on November 6, 2017. *Dilley*, 8th Dist. Cuyahoga No. 106468, 2018-Ohio-1504 ("*Dilley III*"). On April 19, 2018, this court affirmed the trial court's judgment, concluding that Dilley failed to meet the requirements for successive petitions for postconviction relief set forth in R.C. 2953.23 and that his claims were barred by res judicata. *Dilley III* at ¶ 16-17.

{¶ 11} On October 17, 2018, appellant filed a third petition for postconviction relief, captioned "motion to void, vacate, set aside, or correct judgment based on newly discovered evidence." The trial court denied appellant's motion on November 19, 2018.

{¶ 12} It is from this judgment that appellant filed the instant appeal on January 11, 2019. He assigns three errors for review:

I.  The [t]rial [c]ourt erred and abused its discretion and deprived the [a]ppellant of his due process rights by not granting the [a]ppellant a hearing and not specifically ruling on Betty Montgomery's competency for the time period in question or the date of importance in its judgment entries thereby making crucial evidence inadmissible and preventing the [a]ppellant from discovering or presenting the ground supporting the motion for new trial or voiding judgment.  The [t]rial [c]ourt also abused its discretion and committed a prejudicial error by failing to hear or rule on new evidence brought as a result of the April 19, 2018 Case No. 106468 decision in the Eighth District Court of Appeals [f]inding Betty R. Montgomery retroactively incompetent during the period of importance thereby activating Betty R. Montgomery springing [d]urable [g]eneral [p]ower of [a]ttorney retroactively to that time period.

II.  The [t]rial [c]ourt erred and abused its discretion by ignoring the Court of Appeals judgment entry and opinion that ruled Betty Montgomery to be retroactively incompetent during the time period in question thereby retroactively activating the 1995 springing durable general power of attorney giving the [a]ppellant legal authority as attorney in fact to create new or amended trusts for Betty Montgomery.  The [t]rial [c]ourt's 2012 final judgment did not determine if Betty Montgomery was incompetent when she executed the 2008 Amended and Restated Trust and Will on the date of importance or if the 2010 [p]robate judgment was void thereby preventing the [a]ppellant from presenting evidence and violating his due process rights.

III.  The [t]rial [c]ourt erred and abused its discretion by denying the [a]ppellant's [m]otion and evidence of the [appellant] conviction being void under the [v]oid-for-[v]agueness doctrine.

## II. Law and Analysis

{¶ 13} The motion that is at issue in this appeal was captioned, "motion to void, vacate, set aside, or correct judgment and to add newly discovered evidence which by due diligence could not be discovered in time under Rule 59(B), R.C. 2953.23(A)(1)(a) and (b) and R.C. 2953.21(A)."  Notwithstanding its caption, the motion is a petition for postconviction relief, because it was filed subsequently to appellant's direct appeal and appellant is seeking vacation or correction of the trial

court's judgment on the basis that his constitutional rights have been violated. *See State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus.

{¶ 14} This court reviews a trial court's judgment denying a petition for postconviction relief for an abuse of discretion. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 46. "'[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.'" *Id.* at ¶ 45, quoting *State v. Gondor*, 112 Ohio St.3d 77, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶ 15} The record reflects that appellant's motion is untimely. When he filed his petition in October 2018, the statutory deadline for filing a timely petition for postconviction relief had long since passed. R.C. 2953.21(A)(2) provides that a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."

{¶ 16} Furthermore, "[a] convicted defendant may file only one postconviction petition within the prescribed 365-day window, and may not file an untimely or successive petition unless the defendant meets a high burden of demonstrating the 'specific, limited circumstances' of R.C. 2953.23(A)." *State v.*

*Vaughn*, 8th Dist. Cuyahoga No. 107746, 2019-Ohio-798, ¶ 11, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 22. The current motion is appellant's third petition for postconviction relief. Accordingly, appellant's petition was both untimely and successive.

{¶ 17} R.C. 2953.23(A), governing untimely and successive petitions for postconviction relief, provides, in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 18} After reviewing the record, we find that appellant has failed to demonstrate that any of these exceptions apply in this case. Appellant raised two propositions of law in his petition.

## A. *Dilley III*

{¶ 19} In his first proposition of law, and in his first and second assignments of error, appellant appears to argue that in *Dilley III*, this court ruled that Montgomery was incompetent on or before April 2008, when she signed the amended trust and named appellant the sole beneficiary, and as a result, his conduct was not improper because he was acting as her power of attorney. Additionally, in his reply brief, appellant appears to argue that the *Dilley III* opinion, issued in April 2018, was the first determination made regarding Montgomery's incompetency. He appears to assert that because the trial court in the criminal prosecution and the probate court did not determine whether Montgomery was competent in April 2008 when she executed the amended trust, he was prevented from presenting arguments regarding her competency or the springing durable power of attorney in her trust. He appears to offer the *Dilley III* decision as newly discovered evidence that he had been unavoidably prevented from discovering. After reviewing the record, we find no merit to appellant's first proposition of law.

{¶ 20} As an initial matter, a review of this court's opinion in *Dilley III* reflects that the court did not address the issue of Montgomery's competency at the time the amended trust was executed in April 2008. Furthermore, this court did not determine, either explicitly or implicitly, whether Montgomery was competent at the time.

{¶ 21} Nevertheless, to the extent that appellant argues that he was previously unable to present arguments pertaining to Montgomery's competency because neither the probate court nor the trial court made a specific determination

that she was or was not competent, this argument is unsupported by the record.  As this court noted in *Dilley I*,

> [t]he evidence at trial regarding Montgomery's deficient mental faculties and Dilley's knowledge of her condition was *overwhelming*. Four staff members from Stratford Commons testified that Montgomery's mental faculties declined steadily from her admission to the facility until her death in 2009.  Dr. Hilal, Montgomery's personal physician at Stratford Commons, testified that Montgomery had moderate to severe dementia and would not have had the mental capacity in 2008 to make an informed decision about transferring the assets of her estate.  Frances Koleszar, Montgomery's friend for more than 40 years, testified that she noticed obvious changes in Montgomery's demeanor and ability to carry on a conversation, and that by December 2007, Montgomery did not even know who she was.  Montgomery's medical records from those years noted that she was confused and required "maximum assistance" when making decisions and dealing with financial matters.  And significantly, in his deposition in the interpleader action, which was admitted into evidence, Dilley testified that he had managed Montgomery's assets for years, saw her regularly, and *was aware of her declining mental state.*

(Emphasis added.)  *Dilley I* at ¶ 26.

{¶ 22} Based on this "overwhelming" evidence presented at trial regarding Montgomery's mental deficiencies, appellant could have, and should have presented his arguments regarding Montgomery's competency and the power of attorney in her trust on direct appeal or in his first petition for postconviction relief.  However, he failed to do so.  As a result, these arguments are barred by res judicata.

> Under the doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal.  [*Reynolds*], 79 Ohio St.3d 158, [at] 161, 679 N.E.2d 1131; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.  According to *Szefcyk*, res judicata is applicable to all postconviction proceedings.  *Id.* at 95.  A trial court may dismiss a petition for postconviction relief *without holding an evidentiary hearing* when the

> claims raised in the petition are barred by the doctrine of res judicata. *Szefcyk* at syllabus.

(Emphasis added.) *Vaughn*, 8th Dist. Cuyahoga No. 107746, 2019-Ohio-798, at ¶ 14; *see State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 15 (res judicata also prevents relief on successive petitions for postconviction relief that raise issues that were or could have been raised in the original petition).

{¶ 23} This court did not address Montgomery's competency in *Dilley III*, nor did this court determine that she was, in fact, incompetent in April 2008. Finally, appellant was not unavoidably prevented from presenting arguments pertaining to Montgomery's competency prior to this court's April 2018 judgment in *Dilley III*.

{¶ 24} For all of the foregoing reasons, appellant's first and second assignments of error are overruled.

### B. Vagueness

{¶ 25} In his second proposition of law and third assignment of error, appellant appears to raise an argument pertaining to the due process doctrine prohibiting vagueness. Specifically, he contended in his motion that "[t]he criminal and civil laws for determining if Betty Montgomery lacked mental capacity and if taking instructions from her is a criminal act are vague." He does not specify which criminal statutes or civil laws to which he is referring.

{¶ 26} In the instant appeal, appellant argues in his reply brief that "[t]he Civil and Criminal law does not provide any guidance or notice for a layman or any

person to know what they can and cannot do in circumstances found in the case before the court." He goes on to contend that he "simply produced a[n] Amended and Restated Trust Agreement at the request of [his client]," and that he believed that Montgomery was competent to do so. Appellant's reply brief at 6.

{¶ 27} Appellant's arguments are barred by res judicata. He could have raised his constitutional vagueness argument on direct appeal or in his first petition for postconviction relief. He failed to do so.

{¶ 28} Appellant's vagueness argument is also unsupported by the record. As noted above, appellant acknowledged in his deposition in the probate proceedings that he was aware of Montgomery's declining mental state. *Dilley I* at ¶ 26.

{¶ 29} For all of the foregoing reasons, we overrule appellant's third assignment of error.

## C. Remaining Claims

{¶ 30} To the extent that appellant challenges the trial court's jurisdiction in the criminal proceedings on the basis that the probate court had exclusive jurisdiction over the proceedings, this argument is barred by res judicata. In his second petition for postconviction relief, appellant argued that

> his convictions are void because the General Division of the Court of Common Pleas had no jurisdiction over this matter that he characterizes as a "trust and will contest." He maintains that the general division had no jurisdiction to adjudicate the client's competency, and that all of the issues surrounding the execution of the 2008 documents were within the exclusive jurisdiction of the probate division.

*Dilley III* at ¶ 12.  This court rejected appellant's argument.  As such, any jurisdictional arguments appellant now raises are barred by res judicata.

{¶ 31} To the extent that appellant argues that Montgomery was, in fact, competent, and as a result, the amended trust was valid, this argument was raised and rejected on direct appeal.  Specifically, appellant argued,

> his convictions were not supported by sufficient evidence and against the manifest weight of the evidence because the state failed to prove that Montgomery suffered from dementia and was not capable of making an informed decision about her finances.  He argues that no one ever gave Montgomery a cognitive test that indicated she was unable to make reasonable decisions, she was never declared incompetent by a court, and was never placed in the dementia ward at Stratford Commons.  Accordingly, he contends there was no evidence that Montgomery could not competently decide to give her estate to him.

*Dilley I* at ¶ 24.

{¶ 32} Appellant also argued in his first petition for postconviction relief that the amended trust was valid.  Specifically, appellant argued, in relevant part, "the final settlement in the [probate] interpleader action determined that the amended trust was valid[.]"  *Dilley III* at ¶ 10.  This argument was rejected by the trial court, and this court affirmed the trial court's judgment on appeal.  Accordingly, any arguments regarding the validity of the amended trust in appellant's October 17, 2018 motion or in the instant appeal are barred by res judicata.

{¶ 33} Finally, because appellant failed to demonstrate that he was entitled to relief under R.C. 2953.23, the trial court did not err or abuse its discretion in denying appellant's third petition without holding an evidentiary hearing.

## III. Conclusion

{¶ 34} After thoroughly reviewing the record, we overrule appellant's assignments of error and affirm the trial court's judgment. Because this was appellant's third petition for postconviction relief, he was required to demonstrate that he was unavoidably prevented from discovering the facts necessary for the claim for relief, or that a new federal or state right applies retroactively in his case. Appellant has failed to demonstrate either of these requirements.

{¶ 35} Many of the arguments that appellant raised in his first and second petitions for postconviction relief were rejected by this court in *Dilley II* and *Dilley III* under the doctrine of res judicata. Similarly, all of the claims that appellant raises in his motion at issue either were, or could have been raised on direct appeal. Accordingly, these claims are barred by res judicata.

{¶ 36} For all of these reasons, the trial court did not err or abuse its discretion in denying appellant's successive petition without holding a hearing.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR