[Cite as *State v. Atahiya*, 2021-Ohio-1488.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,            :

                                 No. 109726

v.                                       :

MWESI ATAHIYA,                           :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 29, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-569254-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Gary Cook, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Mwesi Atahiya ("Atahiya"), appeals from the trial court's denial of his motion to withdraw his guilty pleas and his petition for postconviction relief. He raises the following assignments of error for review:

1. The trial court erred to the prejudice of the appellant by denying his motion to withdraw plea and vacate findings of guilty and convictions and/or petition to vacate or set aside judgment of conviction and sentence as the convictions and sentence are void or voidable pursuant to R.C. 2953.21, the U.S. Constitution, the Ohio Constitution, and otherwise, due to ineffective assistance of counsel.

2. The trial court erred to the prejudice of the appellant by denying his motion to withdraw plea and vacate findings of guilty and convictions and/or petition to vacate or set aside judgment of conviction and sentence as the appellant's "pleas" violated Rule 32.1 of the Ohio Rules of Civil Procedure and all other applicable rules and law due to, inter alia, ineffective assistance of counsel, threats of a life sentence, and a stated desire to investigate and proffer exculpatory evidence and/or to proceed to a jury trial.

3. The trial court erred to the prejudice of the appellant by denying his motion to withdraw plea and vacate findings of guilty and convictions and/or petition to vacate or set aside judgment of conviction and sentence without a hearing.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} In December 2012, Atahiya was named in a 12-count indictment, charging him with two counts of kidnapping in violation of R.C. 2905.01(A)(3), with one- and three-year firearm specifications; two counts of felonious assault in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications; two counts of felonious assault in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications; two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications; two counts of aggravated robbery in violation of R.C. 2911.01(A)(3), with one- and three-year firearm specifications; one count of attempted murder in violation of R.C. 2923.02

and 2903.02(A), with six- and seven-year firearm specifications; and one count of theft in violation of R.C. 2913.02(A)(1). The indictment stemmed from allegations that Atahiya participated in the armed robbery of victims, Sameer Hanini and Ashraf Assad. During the course of the robbery, Hanini and Assad each sustained a single gunshot wound.

{¶ 4} Following discovery, the matter proceeded to trial in October 2013. In the midst of trial, however, Atahiya informed the court that he wished to withdraw his previously entered plea of not guilty and enter a plea of guilty to each count of the indictment. In exchange, the state agreed to amend the six- and seven-year firearm specifications previously attached to the attempted murder offense to one- and three-year firearm specifications. After conducting a Crim.R. 11 colloquy and finding that Atahiya entered his guilty plea knowingly, voluntarily and with a full understanding of his rights, the trial court accepted Atahiya's plea, and found him guilty of each count and the accompanying specifications.

{¶ 5} At sentencing, the state outlined the relevant facts supporting Atahiya's convictions as follows:

> On March 8th * * * of 2012, this defendant along with his two friends Tyrell Chandler and Jermaine McDuffey, better known as Gotie or CJ, got together with a woman by the name of [K.D.]. They were all juveniles at the time.
>
> [K.D.] knew Sameer Hanini, where Sameer worked at his convenience store. She basically hooked up to go out with Sameer to go party, smoke some marijuana and have a good time.
>
> Unfortunately, Ashraf was just the driver that night. * * * He took Sameer to where [K.D.] led them, in the area of Buckeye. [K.D.] led them to what ended up being an abandoned house on 121st and

Forest[.]* * * When they get there [K.D.] walks them up to this abandoned house as if nothing is wrong, gets on the phone and pretends to dial somebody when three men jump out with at least two of them having firearms.

[Atahiya] has a shotgun as you know. [K.D.] pretends to run as if she is not involved in this. At that point the victims are pistol-whipped. Their items are stolen from them, iPhone, money.

They're eventually put against a fence, your Honor, a chain link fence that rings this abandoned house and they're basically put up like against it. At some point during that, I believe it's at that point where Sameer is shot. He's shot in the lower right leg, I believe it was.

At that point he can still walk and Mr. McDuffey takes Sameer to the car. They want to now rob him of what is in the car, too. It's Ashraf's car. When they get to the car and they realize, I don't have the keys, so they walk Sameer back while Ashraf is still against the fence.

At that point all three are together. They have the two victims on the fence. At that point we would argue it's an aggravated robbery because at that time, these three with this defendant standing in front of you, wanted these two victims to get in the garage.

Obviously, you know what that was going to be for, or they wouldn't be going in the garage. They could hear sirens at that point. Mr. McDuffey and Chandler started to run towards [K.D.] who was waiting out in the street. As they get to the driver's side, at that point [Atahiya] turned around and shot Ashraf in the back side with that shotgun.

It's completely unnecessary. No shootings are necessary, but this was a joyful shooting. They had no reason to shoot him. This case is a hairline away from a capital murder case.

(Tr. 39-41.)

{¶ 6} Having considered the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12, the trial court imposed an aggregate 14-year prison term. Atahiya did not file a direct appeal from his convictions and sentence.

**{¶ 7}** In February 2018, Atahiya filed a "motion to withdraw pleas and vacate finding of guilty and convictions and/or petition to vacate or set aside judgment of conviction and sentence." In the motion, Atahiya proclaimed his innocence and argued that defense counsel's deficient performance caused his plea to be less than knowing, intelligent, and voluntary. Thus, Atahiya sought to vacate his convictions and sentence pursuant to R.C. 2953.21, or, alternatively, to withdraw his guilty pleas pursuant to Crim.R. 32.1.

**{¶ 8}** Atahiya supported the motion with his own affidavit and the transcript of his codefendant's bindover proceedings in the juvenile court. Relevant to this appeal, Atahiya averred as follows:

> 4. Affiant states that he advised his attorney of exculpatory evidence in this matter but that his attorney failed to present the exculpatory evidence during his representation in this matter.
>
> * * *
>
> 7. Affiant states that during the trial of the codefendants, one of the alleged victims, Sameer Hanini, indicates that he gave a false story to the detective who interviewed him after the alleged incident.
>
> * * *
>
> 9. Affiant further states that Sameer Hanini indicates that he did not see the face of any of the assailants during the sequence of the incident that led to the charges against the affiant.
>
> 10. Affiant states that he was not present at the site of the alleged offense.
>
> 11. Affiant states that if he had gone to trial in this matter, then he would have been exonerated by the trier of fact.

12. Affiant states if he had gone to trial in this matter then he would not have been convicted by the burden of proof of "beyond a reasonable doubt."

13. Affiant states that he was intimidated, afraid and terrified by his attorney's assertions that if he went to trial and convicted then he would likely be sentenced to life in prison.

14. Affiant states that he entered the guilty plea to the indictment in this matter because of the statements made by his attorney regarding the likelihood of a life sentence if he went to trial and if he was convicted at trial.

15. Affiant states that since his attorney in this matter did not use the exculpatory evidence in trial of this matter affiant was ineffectively represented by his lawyer in this matter.

16. Affiant states that since he was denied effective assistance of counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when his trial counsel failed to present exculpatory evidence in the trial of this matter.

17. Affiant states that his withdrawal of the prior plea and the ineffective assistance of counsel in this matter entitles him to a new trial in this matter.

{¶ 9} The state opposed Atahiya's motion, arguing that Atahiya's petition for postconviction relief was untimely pursuant to R.C. 2953.21 and 2953.23. The state further maintained that Atahiya was not entitled to withdraw his plea because he failed to show a manifest injustice or otherwise demonstrate that defense counsel rendered ineffective assistance of counsel during the plea proceedings.

{¶ 10} In January 2020, the trial court denied the motion without a hearing.

{¶ 11} Atahiya now appeals from the trial court's judgment.

## II. Law and Analysis

### A. Petition for Postconviction Relief

{¶ 12} In his first and third assignments of error, Atahiya argues the trial court erred by denying his postconviction petition without a hearing. We address these assigned errors together because they are related.

{¶ 13} R.C. 2953.21 through 2953.23 set forth how a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 14} A trial court is required to hold an evidentiary hearing only if the petitioner alleges sufficient operative facts that show substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 282-283, 714 N.E.2d 905 (1999). Thus, a trial court may dismiss a petition for postconviction relief without a hearing "'where the petition, the supporting affidavits, the documentary evidence, the files, and the

records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.'" *Gondor* at ¶ 51, quoting *Calhoun* at paragraph two of the syllabus; R.C. 2953.21(C).

{¶ 15} In this case, Atahiya argues he received ineffective assistance of counsel during the plea proceedings that rendered his judgment of conviction void or voidable under R.C. 2953.21. Atahiya maintains that defense counsel "failed and/or refused to investigate and present exculpatory evidence and otherwise present a defense on [his] behalf."

{¶ 16} The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at ""'critical stages of a criminal proceeding," including when he enters a guilty plea.'" *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 14, quoting *Lee v. United States*, 582 U.S. ___, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 17} In a petition for postconviction relief based on a claim of ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *State v. Moore*, 2d Dist. Clark No. 2014-CA-

66, 2015-Ohio-550, ¶ 13, citing *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983); *see also Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 18} A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). The prejudice inquiry in the context of a guilty plea requires a "nuanced analysis of all of the factors surrounding the plea decision," including the benefits associated with a plea, the possible punishments involved, the weight of the evidence against the defendant and any other special circumstances that might support or rebut a defendant's claim that he would have taken his chances at trial. *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-600, ¶ 16.

{¶ 19} On appeal, the state reiterates its position that the trial court did not abuse its discretion in denying Atahiya's petition without a hearing because it was untimely filed and did not satisfy the requirements of R.C. 2953.23. Alternatively, the state argues the petition and supporting materials did not set forth sufficient operative facts to establish substantive grounds for relief.

{¶ 20} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. In this case, Atahiya filed his petition approximately four years after his time to file a direct appeal had expired. Thus, his petition is untimely.

{¶ 21} Because the timeliness requirement of R.C. 2953.23 is jurisdictional, a trial court does not have jurisdiction to entertain an untimely petition for postconviction relief unless the exceptions set forth under R.C. 2953.23 are satisfied. *See State v. Kleyman*, 8th Dist. Cuyahoga No. 93896, 2010-Ohio-3612, ¶ 35. Relevant to this appeal, R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

{¶ 22} If the petitioner can satisfy one of these threshold conditions, he or she must then demonstrate by clear and convincing evidence that, but for the

constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he or she was convicted. R.C. 2953.23(A)(1)(b).

{¶ 23} Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 58. However, whether the trial court possessed subject matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24. A trial court need not conduct an evidentiary hearing when it dismisses an untimely postconviction relief petition. *See, e.g., State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 21.

{¶ 24} After careful review of the record, we find Atahiya's petition for postconviction relief does not establish that he was unavoidably prevented from discovering the facts supporting his ineffective assistance of counsel claim. To the contrary, Atahiya's claim relies on allegedly exculpatory evidence that was available to Atahiya prior to his decision to enter a guilty plea. He concedes as much in his affidavit, citing to a transcript of proceedings in his codefendants' case that occurred approximately one year before his plea was entered, and stating that he advised defense counsel of the exculpatory evidence prior to his trial and subsequent plea. Moreover, Atahiya's ineffective assistance of counsel claim does not rely on a new federal or state right that applies retroactively to him.

**{¶ 25}** Under these circumstances, we find Atahiya has failed to satisfy the first prong of R.C. 2953.23(A)(1). Because his petition was untimely, the trial court lacked subject matter jurisdiction to entertain it. Accordingly, the trial court did not abuse its discretion in denying Atahiya's petition for postconviction relief without a hearing. We further note that, contrary to Atahiya's position on appeal, the trial court had no legal duty to issue findings of fact and conclusions of law when denying the untimely petition. *See State ex rel. Harris v. Sutula*, 8th Dist. Cuyahoga No. 107662, 2018-Ohio-5045, ¶ 9, citing *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 781 N.E.2d 155 (2002), and *State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552; *State v. Dilley*, 8th Dist. Cuyahoga No. 99680, 2013-Ohio-4480, ¶ 9 (a trial court need not issue findings of fact and conclusions of law for an untimely petition for postconviction relief).

**{¶ 26}** Atahiya's first assignment of error is overruled. To the extent Atahiya's third assignment of error relates to the trial court's denial of his petition for postconviction relief, it is overruled.

### B. Crim.R. 32.1

**{¶ 27}** In his second and third assignments of error, Atahiya argues the trial court erred by denying his postsentence motion to withdraw his guilty pleas without a hearing. Again, we address these assignments of error together because they are related.

**{¶ 28}** A motion to withdraw a guilty plea is governed by Crim.R. 32.1. Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty * * * may be made only

before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice is "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640 and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8. As such, the postsentence withdrawal of a guilty plea is warranted "only in extraordinary cases." *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 22, citing *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324.

{¶ 29} The requisite showing of manifest injustice must be based on specific facts in the record or supplied through affidavits submitted with the motion. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. However, "[a] self-serving affidavit by the moving party, in and of itself, is generally insufficient to demonstrate manifest injustice." *State v. Norris*, 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 24, citing *State v. Passafiume*, 2018-Ohio-1083, 109 N.E.3d 642, ¶ 13 (8th Dist.).

{¶ 30} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16; *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-

5818, ¶ 11. However, "'[a] hearing is required * * * if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea.'" *Id.* at ¶ 16, quoting *Vihtelic* at ¶ 11; *see also State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 11 ("'A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion.'"), quoting *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 31} We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse of discretion standard. *Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph two of the syllabus. Likewise, we review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 13. "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion, and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, Slip Opinion No. 2020-Ohio-6699, ¶ 19, citing *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 372, 81 S.Ct. 1243, 6 L.Ed.2d 318 (1961) (Frankfurter, J., dissenting). Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 32} On appeal, Atahiya argues that withdrawal of his guilty pleas was necessary to correct manifest injustice based on defense counsel's refusal to conduct extensive discovery, explore known exculpatory evidence, or otherwise present a defense. He further asserts that his plea was coerced and that he was not fully aware of the ramifications of his plea or the rights and privileges he was waiving by entering a plea of guilty. As stated, Atahiya supports his arguments with his self-serving affidavit and the transcript of proceedings in his codefendants' juvenile case. In the affidavit, Atahiya expressed his actual innocence and dissatisfaction with his assigned counsel. He alleged that he was pressured by defense counsel to plead guilty and that counsel failed to perform requested duties.

{¶ 33} "[I]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea" where it causes a guilty plea to be "less than knowing, intelligent and voluntary." *See, e.g., State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 38 (8th Dist.); *State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4; *State v. Ramirez*, 12th Dist. Butler No. CA2018-12-233, 2019-Ohio-3050, ¶ 21 ("Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a plea.").

{¶ 34} Whether a guilty plea was entered into knowingly, intelligently, and voluntarily is based on the totality of the circumstances. *Davner* at ¶ 40; *State v. Sojourney*, 8th Dist. Cuyahoga No. 92087, 2009-Ohio-5353, ¶ 14. When a trial court complies with Crim.R. 11(C)(2) in accepting a guilty plea to a felony, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily

made.  *State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11; *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 20.  "[A] defendant seeking to withdraw the plea has the burden of rebutting that presumption 'by demonstrating that the plea is infirm.'"  *State v. Abercrombie*, 8th Dist. Cuyahoga No. 108147, 2019-Ohio-4786, ¶ 12, quoting *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 26.

{¶ 35} In this case, the record refutes Atahiya's claims that his plea was the product of coercion and that he did not fully understand the ramifications of his plea.  During the plea hearing, the court advised Atahiya of the effect of his plea, the nature of the charges, the potential penalties he faced, and the constitutional rights he was waiving by pleading guilty.  Atahiya expressed that he understood the court's advisements and confirmed that no threats or promises were made in order to induce his plea.  In addition, Atahiya expressed that he was satisfied with counsel's representation and that it was his own decision to plead guilty to each offense.  Under these circumstances, we find the self-serving averments set forth in Atahiya's affidavit failed to rebut the presumption that his plea was knowingly and voluntarily entered.

{¶ 36} Regarding Atahiya's contention that counsel failed to adequately investigate allegedly exculpatory evidence, we note that Atahiya's position relies on portions of the juvenile court transcript involving his codefendants.  During those proceedings, one of the victims testified that he was unable to view the faces of the assailants because they were wearing masks and he was under the influence of

medications. In our view, the victim's inability to identify his assailants does not amount to exculpatory evidence. Moreover, the state's failure to address Atahiya by name or otherwise present specific evidence incriminating Atahiya during the juvenile court proceedings is not meaningful because Atahiya was not a party to those proceedings. The hearing was limited to a determination of whether it was appropriate to transfer Atahiya's juvenile codefendants to the general division of the common pleas court. Nevertheless, the state did reference that the individual who was alleged to have knowingly lured the victims to the location of the robbery, K.D., cooperated with the state and effectuated the apprehension of Atahiya and his two codefendants.

{¶ 37} Finally, Atahiya's motion to withdraw briefly references counsel's failure to investigate potentially helpful alibi evidence and "inconsistencies in various police reports and accounts that [would have] hindered the state of Ohio's ability to prove the [offenses] beyond a reasonable doubt." However, beyond the vague and conclusory assertions set forth in his self-serving affidavit, Atahiya has failed to identify the specific nature of the defenses and does not provide evidentiary support for these claims. *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 61 ("Conclusory allegations and unsubstantiated assertions are not sufficient to demonstrate a manifest injustice or to warrant a hearing on a motion to withdraw a guilty plea."); *State v. Mhoon*, 8th Dist. Cuyahoga No. 98832, 2013-Ohio-2090, ¶ 29 (generalized claims that counsel's investigation was deficient does not meet his burden of establishing ineffective assistance of counsel).

{¶ 38} Having reviewed the record in its entirety, we cannot say that the trial court abused its discretion in denying Atahiya's postsentence motion to withdraw his guilty pleas without an evidentiary hearing. The record is devoid of the type of extraordinary circumstances that would necessitate allowing Atahiya to withdraw his guilty pleas.

{¶ 39} Atahiya's second assignment of error is overruled. To the extent Atahiya's third assignment of error relates to the trial court's denial of his motion to withdraw his plea, it is overruled.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MARY EILEEN KILBANE, J., CONCUR