[Cite as *State v. Baldwin*, 2025-Ohio-1260.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,             :
                               No. 114247

     v.                              :

BRANDON BALDWIN,                        :

     Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-665692-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller and Owen Knapp, Assistant Prosecuting Attorneys, *for appellee.*

Stahl and Stephenson Law Office, and Michael H. Stahl; Law Office of Michael G. Aird, LLC, and Michael G. Aird, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Brandon Baldwin, appeals the trial court's decision denying his petition for postconviction relief. For the reasons that follow, we reverse and remand for the trial court to comply with R.C. 2953.21(H) and issue

findings of fact and conclusions of law if it determines that Baldwin's petition lacks merit.

## I. Procedural Background and History

{¶ 2} In 2021, the State charged Baldwin with one count of rape, in violation of R.C. 2907.02(A)(1)(b) (victim under the age of 13), and four counts of gross sexual imposition. Each count included a sexually violent predator specification. The charges arose following allegations of sexual abuse from two minor-aged, family or household members.

{¶ 3} In January 2023, the court found Baldwin guilty of rape, but not guilty of all four counts of gross sexual imposition and the sexually violent predator specifications. The court sentenced Baldwin to 25 years to life in prison.

{¶ 4} Baldwin timely appealed, raising three assignments of error, challenging (1) the court's decision excluding evidence implicating another suspect to the offense; (2) the court's decision excluding impeachment testimony; and (3) the court's decision excluding evidence of witness misconduct, and the court's decision denying a mistrial based on that misconduct. *State v. Baldwin*, 2023-Ohio-3795 (8th Dist.). This court affirmed his convictions. *Id.*[1]

{¶ 5} In April 2024, Baldwin filed a timely petition for postconviction relief pursuant to R.C. 2953.21, contending that because this matter was strictly a

---

[1] The Supreme Court of Ohio declined jurisdiction, *State v. Baldwin*, 2024-Ohio-555, and this court subsequently denied his App.R. 26(B) request to reopen his appeal. *State v. Baldwin*, 8th Dist. Cuyahoga No. 112440, Journal Entry dated June 7, 2024.

credibility case, his trial counsel was ineffective for failing to consult with or retain a psychological expert that specialized in child abuse allegations to assist with his defense. He claimed that although the victims may have appeared credible, their disclosures of sexual abuse lacked reliability based on the errors in the investigation and subsequent interviews with the children. According to Baldwin, these errors "contaminated" the children's reliability.

{¶ 6} In support, he attached an affidavit from Dr. Katherine Jacobs, a clinical and forensic psychologist, who had specialized training and experience in performing psychological testing, clinical and forensic evaluations, and providing psychotherapy to children, adolescents, and adults. Based on her review of the provided case materials, she opined that expert testimony would have been beneficial to the court to ascertain and assess the children's "indicia of trustworthiness, or reliability of information." In support of her opinion, Dr. Jacobs relied on the court record, trial exhibits, the trial transcript, and witness interviews, including an interview transcript of the officer's body camera when the officer interviewed the children together with their mother, and subsequent independent interviews with a social worker. Based on her review of the information, Dr. Jacobs opined that although the rape victim made an initial disclosure to her friend of being "touched," the subsequent interviews and interactions "shaped" the details.

{¶ 7} The State opposed his petition, contending counsel's failure to consult with an expert did not amount to deficient performance because the record

did not demonstrate that counsel failed to consider, but declined to retain an expert, and instead proceeded on a different trial strategy. The State also contended that Baldwin could not demonstrate prejudice even if trial counsel's representation was deficient because the child victim made her initial disclosure to a friend, and thus the subsequent interview by the police and forensic interviewer could not have "contaminated" the child's disclosure or that "outside influences" impacted the disclosure. According to the State, even if the child's reliability was compromised by the police or the forensic interviewer, it occurred after she made her initial disclosure to a friend.

{¶ 8} The trial court did not conduct a hearing and denied the petition, concluding that Baldwin failed to establish that he was entitled to relief.

{¶ 9} This appeal followed.

## II. The Appeal

### A. R.C. 2953.21 Requirements

{¶ 10} Pursuant to R.C. 2953.21(A)(1)(a)(i), "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 11} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Bell*, 2017-Ohio-7168, ¶ 10 (8th Dist.). It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46 (1975).

{¶ 12} A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999), citing *State v. Cole*, 2 Ohio St.3d 112 (1982). Before granting an evidentiary hearing on the petition, the trial court must determine whether there are substantive grounds for relief. In making this determination, the court must consider the petition, the supporting affidavits, and the documentary evidence, as well as all the files and records pertaining to the proceedings. R.C. 2953.21(D).

{¶ 13} R.C. 2953.21(H) states that "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." "The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the court's disposition and to facilitate meaningful appellate review." *State v. Maxwell*, 2020-Ohio-3027, ¶ 12 (8th Dist.). The findings of fact and conclusions of law should be "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision." *State v. Porter*, 2021-Ohio-4630, ¶ 19 (7th Dist.).

## B. Findings of Fact and Conclusions of Law

**{¶ 14}** On July 15, 2024, the trial court issued the following journal entry, denying Baldwin's petition for postconviction relief:

> Defendant's motion petition [sic] to vacate or set aside sentance [sic] and conviction pursuant to R.C. 2953.21 is denied.

> Defendant has failed to state substantive grounds to establish that he is entitled to relief. Specifically, defendant's petition fails to establish that counsel's performance was deficient and that he was prejudiced thereby in that the victim's initial disclosure was made prior to any claim of improper conduct by the government.

**{¶ 15}** On August 13, 2024, Baldwin requested the trial court, pursuant to R.C. 2953.21(H), to issue findings of fact and conclusions of law, contending that the trial court's journal entry was "rudimentary" and insufficient to afford proper appellate review. Later this same day, Baldwin filed his notice of appeal, advising the court that he was appealing the trial court's denial of his petition, but asserted that the appellate court may remand the appeal for the trial court to issue proper findings of fact and conclusions of law. Although the trial court's docket notes that Baldwin's request is "denied," no independent journal entry exists.

**{¶ 16}** In his first assignment of error, Baldwin contends that the trial court erred when it did not issue proper findings of fact and conclusions of law to afford sufficient appellate review.

**{¶ 17}** The State contends that the trial court's findings of fact and conclusions of law were either sufficient or that specificity was unnecessary under the statute, relying on R.C. 2953.21(D). At the outset, this court notes that the State's reliance on R.C. 2953.21(D) and interpreting caselaw is misplaced because that

subsection pertains to petitions that are dismissed. In this case, the trial court denied Baldwin's petition, and thus subsection (H) applies, which requires a court to make and file findings of fact and conclusions of law when it *denies* a timely postconviction petition. Accordingly, because the trial court denied the petition, finding no substantive grounds for relief, the statute obligated the trial court to make findings of fact and conclusions of law to support its denial of Baldwin's petition.

{¶ 18} We now turn to whether the trial court's journal entry contained sufficient findings of fact and conclusions of law to apprise Baldwin of the basis for the court's decision and facilitate meaningful appellate review.

{¶ 19} In this case, the trial court denied Baldwin's petition, concluding that (1) he failed to state substantive grounds entitling him relief and (2) failed to establish that counsel's performance was deficient and that he was prejudiced. The court made these two conclusions based on the single finding that "the victim's initial disclosure was made prior to any claim of improper conduct by the government." This court does not understand how this finding supports the trial court's conclusion that Baldwin's counsel was not deficient because Baldwin acknowledged that the victim made her initial disclosure to a friend. He maintained, however, that the subsequent interviews and interactions "shaped" the details of the allegations thus rendering the victim's allegations unreliable — a claim that the trial court did not address in its judgment entry denying Baldwin's petition. Although a trial court need not discuss every issue raised by an appellant or engage in an elaborate and lengthy discussion, the findings need to be sufficiently

"comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun*, 86 Ohio at 291-292.

{¶ 20} Based on our review of Baldwin's petition, including the arguments and supporting documentation, we find that the trial court's single finding of fact and two conclusions of law are insufficient to apprise Baldwin of the basis for its decision and to facilitate appellate review. The trial court's decision does not address any of Baldwin's claims that he was deprived of effective assistance of counsel due to counsel's failure to engage with an expert, at a minimum, to apprise the court of how police and forensic interviews may affect a child-victim's disclosure of sexual abuse. Accordingly, we find that the trial court erred in failing to set forth sufficient findings of fact and conclusions of law as required under R.C. 2953.21(H). Baldwin's first assignment of error is sustained.

{¶ 21} Having sustained Baldwin's first assignment of error, we find his second and third assignments of error, challenging the lack of an evidentiary hearing and the trial court's decision denying his petition, moot. *See* App.R. 12(A)(1)(c).

## III. Conclusion

{¶ 22} Judgment reversed, and case remanded to the trial court to comply with R.C. 2953.21(H) and issue findings of fact and conclusions of law that would apprise Baldwin of the basis for the court's decision and facilitate meaningful appellate review.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MICHAEL JOHN RYAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR