[Cite as *State v. Kirks*, 2025-Ohio-5145.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 114949 |
| MARCUS KIRKS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 13, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668950-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Marcus Kirks, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Appellant Marcus Kirks ("Kirks") appeals the trial court's denial of his petitions for postconviction relief. After careful review of the record and relevant case law, we affirm the trial court's judgment.

**Facts and Procedural History**

{¶ 2} On February 1, 2023, Kirks was found guilty by a jury of two counts of aggravated murder, two counts of murder, three charges of felonious assault and two counts of aggravated burglary all with one- and three-year firearm specifications. The court then found Kirks guilty of four counts of having weapons while under a disability.

{¶ 3} On February 8, 2023, the trial court sentenced Kirks to an aggregate term of 31 years to life in prison.

{¶ 4} Kirks filed a direct appeal to this court. *See State v. Kirks*, 2024-Ohio-468 (8th Dist.) ("*Kirks I*"). This court affirmed Kirks' convictions. *Kirks I* at ¶ 40. The Ohio Supreme Court declined to accept Kirks' appeal for review. *State v. Kirks*, 2024-Ohio-2160. On May 29, 2024, Kirks filed a petition to vacate or set aside judgement of conviction. On July 10, 2024, Kirks filed an amended petition. On July 12, 2024, the trial court denied both petitions.

{¶ 5} On March 26, 2025, Kirks filed this appeal. Although not an issue in this appeal, this court found that Kirks' notice of appeal was timely. Kirks raised one assignment of error:

> The trial court erred and abused its discretion when it denied appellant's petitions for postconviction relief without a hearing where appellant presented substantive grounds for relief.

**Law and Argument**

{¶ 6} We note at the onset that Kirks' petitions to vacate or set aside judgment of conviction are facially untimely. R.C. 2953.21(A)(2) provides that a

petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal.

{¶ 7} Here, Kirks' trial transcripts were filed in his direct appeal on May 18, 2023. As such, Kirks' initial petition for postconviction relief should have been filed no later than May 17, 2024. Kirks' initial petition was filed on May 29, 2024, and his amended petition was filed on July 10, 2024, both of which are past the deadline.

{¶ 8} Therefore, Kirks' petitions are facially untimely.

{¶ 9} "Because the timeliness requirement of R.C. 2953.23 is jurisdictional, a trial court does not have jurisdiction to entertain an untimely petition for postconviction relief unless the exceptions set forth under R.C. 2953.23 are satisfied." *State v. Atahiya*, 2021-Ohio-1488, ¶ 21 (8th Dist.).

> R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely petition only if:
>
> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or
>
> (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

*Id*. Kirks' petition falls under the first category. "If the petitioner can satisfy one of these threshold conditions, he or she must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he or she was convicted. R.C. 2953.23(A)(1)(b)." *Id*. at ¶ 22.

{¶ 10} Our standard of review in this case is set forth in *Atahiya*:

Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 58. However, whether the trial court possessed subject matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24. A trial court need not conduct an evidentiary hearing when it dismisses an untimely postconviction relief petition. *See, e.g., State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 21.

{¶ 11} "R.C. 2953.23 puts the onus on the petitioner to show that he was unavoidably prevented from discovering the facts on which his petition relies." *State v. Johnson*, 2024-Ohio-134, ¶ 13. The petitioner has a duty to present sufficient evidence to carry this burden at the time the petition is filed. *Id.* at ¶ 26.

{¶ 12} "Unavoidably prevented from discovery of the facts" means the postconviction relief petitioner was (1) unaware of those facts; and (2) unable "'to learn of them through reasonable diligence.'" *State v. Harrison*, 2018-Ohio-1396, ¶ 6 (8th Dist.), quoting *State v. Short*, 2003-Ohio-3538, ¶ 9 (8th Dist.).

{¶ 13} Kirks provided no basis for the court to find that he had been unavoidably prevented from raising any of the claims set forth in his petitions in a timely manner. In his petitions, Kirks asserts nine claims of ineffective assistance of counsel alleging his counsel failed to investigate and present evidence. The alleged evidence consists of an alibi witness, his then-girlfriend, who would have testified she was with him at the time of the murder as well as security-video footage from a bar, video footage from a Ring camera, photographs of a 2015 Mercedes Benz Sport and unredacted phone records. At no point does Kirks allege that he was

unaware of any of this information prior to trial. To the contrary, the evidence reflects he was intimately aware of the facts, since he alleges he informed his trial attorney of these things prior to trial, who then allegedly failed to investigate them or present them at trial. Because Kirks was aware of the facts alleged in his petitions, he fails to satisfy the first prong of the test to prove he was unavoidably prevented from discovery of these known facts.

{¶ 14} Wherefore, because Kirks is unable to meet the requirements of R.C. 2953.23(A)(1)(a), the trial court did not have jurisdiction to entertain his untimely petitions as a matter of law and properly dismissed them without a hearing.

{¶ 15} Kirks' assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR