[Cite as *State v. Lewis*, 2026-Ohio-1202.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                      :

    Plaintiff-Appellee,         :            No.  115827

v.                                  :

SOLOMON LEWIS,                      :

    Defendant-Appellant.        :

_____

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  April 2, 2026

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No.  CR-17-615253-A

_____

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Robinson & Brandt, P.S.C., and Jeffrey M. Brandt, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Solomon Lewis ("Lewis") appeals from the trial court's denial of his petition for postconviction relief. Lewis argues that the trial

court erred by denying his timely petition for postconviction relief without issuing findings of fact and conclusions of law as required by R.C. 2953.21. For the reasons that follow, we reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

## I. Procedural and Factual Background

{¶ 2} Following transfer from juvenile court, Lewis was indicted in an eight-count indictment charging one count of attempted murder, four counts of felonious assault, one count of discharging a firearm on or near prohibited premises, one count of improper discharge of a firearm into a habitation, and one count of improper handling of firearms in a motor vehicle. Each count carried various firearm specifications, and the attempted-murder and felonious-assault counts carried criminal gang activity specifications.

{¶ 3} Pursuant to a plea agreement, Lewis pleaded guilty to attempted murder with one- and three-year firearm specifications and a criminal gang activity specification, two counts of felonious assault each with a one-year firearm specification and a criminal gang activity specification, and improper discharge of a firearm into a habitation with a one-year firearm specification. The trial court imposed an aggregate prison sentence of 18 years.

{¶ 4} On direct appeal, this court vacated Lewis's conviction for improper discharge into a habitation in light of the Supreme Court of Ohio's decision in *State v. Smith*, 2022-Ohio-274. *See State v. Lewis*, 2022-Ohio-2357, ¶ 8-9 (8th Dist.). (vacating the improper discharge count and remanding for resentencing). On

remand, the trial court resentenced Lewis absent the vacated count of improper discharge into a habitation, again imposing an aggregate prison term of 18 years.

{¶ 5} On December 14 and 15, 2022, Lewis, pro se, filed petitions for postconviction relief. In August 2025, through counsel, Lewis filed additional briefing in support of the petition. On October 30, 2025, the trial court denied relief by journal entry.

{¶ 6} In its October 30, 2025 entry, the trial court stated, in relevant part, that "[u]pon review of the apetition [sic], and the record/file, defendnat [sic] has failed to establish that he is entitled to relief, there fore [sic], motion is hereby denied." The trial court did not issue findings of fact or conclusions of law explaining the basis for its ruling. This appeal followed. Lewis raises one assignment of error for review.

## II. Assignment of Error

{¶ 7} The trial court erred when it denied appellant's petition for postconviction relief without issuing the findings of fact and conclusions of law required by R.C. 2953.21(H).

## III. Standard of Review

{¶ 8} Whether the trial court complied with the statutory requirement to issue findings of fact and conclusions of law under R.C. 2953.21 presents a question of law that we review de novo. *See State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 28; *State v. Baldwin*, 2025-Ohio-1260, ¶ 13 (8th Dist.).

## IV.    Law and Analysis

{¶ 9}    Postconviction relief is a collateral civil attack on a criminal judgment and is governed by R.C. 2953.21.  *State v. Calhoun,* 86 Ohio St.3d 279, 281 (1999). The trial court's obligation to issue findings of fact and conclusions of law depends on the timeliness of the petition.  When a petition is untimely and no exception applies, the trial court has no duty to issue findings of fact and conclusions of law. *See State ex rel. Kimbrough v. Greene*, 2002-Ohio-7042, ¶ 6.  By contrast, when a trial court dismisses or denies a timely petition for postconviction relief, it must make and file findings of fact and conclusions of law.  R.C. 2953.21(D) and (H).  *See also State v. Atahiya*, 2021-Ohio-1488, ¶ 25 (8th Dist.).

{¶ 10}    The record reflects that Lewis's petition was timely filed. Accordingly, when the trial court denied relief, it was required to issue findings of fact and conclusions of law sufficient to apprise Lewis of the basis for its ruling and to permit meaningful appellate review.  *See Penland* at ¶ 20.

{¶ 11}    Here, the trial court denied Lewis's petition in a one-sentence entry stating only that upon review of the petition and the record, Lewis had not established entitlement to relief.  The entry does not identify the claims presented, the legal standards applied, or the factual determinations underlying the ruling. Thus, we cannot discern the trial court's reasoning or conduct meaningful appellate review. *See Baldwin* at ¶ 20-22.

{¶ 12}    The State, in its "Notice of Conceded Error," acknowledges that R.C. 2953.21 requires the trial court to issue findings of fact and conclusions of law

when dismissing or denying a timely petition for postconviction relief and concedes that the trial court's entry in this case is insufficient. The State therefore concedes Lewis's sole assignment of error.

{¶ 13} Although we are not bound to accept the State's concession, we agree that the trial court's entry does not comply with R.C. 2953.21(H) and existing precedent. Without adequate findings of fact and conclusions of law, Lewis cannot understand the basis for the denial of his petition and this court cannot meaningfully review the trial court's decision.

{¶ 14} Accordingly, we sustain Lewis's sole assignment of error. The appropriate remedy is to reverse the trial court's judgment and remand this matter so that the trial court may enter a new judgment that includes findings of fact and conclusions of law that comply with R.C. 2953.21(H).

## V.    Disposition

{¶ 15} The judgment of the Cuyahoga County Court of Common Pleas is reversed, and this matter is remanded for the trial court to issue findings of fact and conclusions of law in support of its ruling on Lewis's timely petition for postconviction relief in accordance with R.C. 2953.21(H) and this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EILEEN T. GALLAGHER, J., CONCUR